## B. GARDNER v. W. L. JACKSON.

[Abstract Kentucky Law Reporter, Vol. 6—666.]

**Agency in Purchasing Land.**
> Where one alleges that a purchaser of land bought for him and
> not for himself the burden is on him to show such agency.

**Rights Under a Patent Conveying Land.**
> One who secures a patent for land which has already been sold
> and is in the possession of the former purchaser, secures no right
> under his patent.

APPEAL FROM WARREN CIRCUIT COURT.

March 12, 1885.

OPINION BY JUDGE HOLT:

The testimony fails to establish that the appellee, W. L. Jackson,
purchased the land in contest at the commissioners' sale made under
the judgment in the suit of Ewing v. Gardner, for the appellant,
Bedford Gardner.   Indeed, the latter himself does not testify.

The burden rested upon him to establish it, and there is neither
positive testimony nor circumstances in evidence sufficient in our
opinion to authorize us to reverse the conclusion reached below by
the chancellor on this question of facts.

Moreover, the appellant had objected to the confirmation of the
sale, and the issue thus made was decided against him.   It is claimed
that the land, the possession of which has been awarded to the ap-

pellee, W. L. Jackson, by the judgment now in question, was not purchased by him at the commissioner's sale, or that this is at least true as to about one-fourth of an acre, upon which is situated the dwelling-house and a part of the blacksmith shop. The sale was made for the purchase money owing by Gardner to John W. Ewing for the land purchased of him and the debt was a lien upon, and to satisfy it a sale was made of all the land so purchased. It is claimed however that the fourth of an acre was not sold to Gardner by Ewing and that the latter did not own it; but that it was covered by a patent issued to W. J. Hendrick on March 1, 1873, and which he assigned to the appellant in December, 1877. The judgment of sale described the land to be sold as one acre "off the south end" of an eight and a half (8½) acre tract, which is therein fully described by metes and bounds, and which one acre lies "next to the lot of Marion Chapman." This description was sufficient to enable the commissioner to make the sale. The writ of Hab. Fa. Poss., which was issued in favor of the purchaser and the execution of which is enjoined by this suit, described it in like manner, and if under it the sheriff was proceeding to put the appellee, Jackson, in possession of any land which the latter had not purchased, yet the appellant can not complain unless it affected him by taking from him land which Jackson had not purchased. It was proper for the chancellor to settle the right of the parties to the land by his judgment in this action inasmuch as the appellant's prayer in his petition is not only for an injunction against the execution of the writ of possession, but that Jackson's alleged agreement to buy the land for him be enforced, and that his title to the said one-fourth of an acre be quieted, so that the real question at last is whether Ewing sold Gardner the one-fourth of an acre and whether it was purchased by Jackson at the commissioner's sale.

Ewing bought of Ray in 1870, and sold to Gardner about August 1877, and the latter did not get an assignment of the Hendrick patent until December of the latter year. The evidence tends to show that he began building his house before he traded with Hendrick. His own testimony is not clear upon this point, as he says both occurred about the same time. It is presumable that he would not build upon land not his own. It is shown beyond question that up to about

the time of the commissioner's sale he claimed the one-fourth of an acre under his (Ewing) purchase.

He so proves himself, but says he did it in ignorance of the facts. It is clearly proven, however, even by the appellant himself, that when he bought of Ewing, that the latter and himself went upon the land together with W. J. Hendrick, who then held the Hendrick patent, and the latter then surveyed to Gardner the land he had bought of Ewing, and that it included said one-fourth of an acre, and no claim was then made to any of it by Hendrick by virtue of his patent, nor was it mentioned. This is proven by all three of them, and Ewing says that the land then surveyed to the appellant is the same he sold him, and the court below so held.

The one-fourth of an acre was then enclosed with the balance of the Ewing land, and had been for ten or twelve years, and Ewing and those through whom he claimed title had been in possession of it for over twenty years. It appears that when Hendrick obtained his patent, which was for a narrow strip of land, that Ewing was in the actual possession of the one-fourth of an acre, and that the land covered by the patent was not in fact vacant land. The Blackford and Jackson land, out of one of which the Ewing land came, adjoined two certain patents covered by both, and these two patents adjoined and had but one dividing line, but when the Blackford or Jackson land was divided among the heirs entitled thereto, they failed to run to the dividing line and there was thereby left a long, narrow strip of land to which Hendrick then attempted to acquire title by patent. He proves himself that the Blackford and Jackson lands had a common dividing line and that he knew the land to which he obtained a patent had been previously surveyed. Under this state of case, even if the patent embraces the land in contest, it can not avail the appellant, and it is apparent that his claim that the one-fourth of an acre was not embraced in his purchase of Ewing is an after-thought, existing for the first time when he failed to pay for the Ewing land and its consequent sale.

As the court below awarded to the appellee, Jackson, the land claimed by the appellant, we are at a loss to know upon what ground it adjudged that Jackson must pay the costs of the suit.

In our opinion a judgment therefor should have been rendered against the appellant Gardner, and the judgment below is affirmed on the original and reversed upon the cross appeal of Jackson with

directions to render a judgment for costs against the appellant Gardner.

Judgment *reversed.*

*Rhodes &·Settle, Wilkins & Sims, for appellant.*

*Wright & McElroy, for appellee.*